**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**DAMIAN LAMONT SWINDLE,**

                        Petitioner,

**v.**                                                    **Civil Action No.:5:19cv300
                                                         (Judge Bailey)**

**R. HUDGINS, Warden**

                        Respondent.

**REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

On October 24, 2019, Damian Swindle, acting *pro se*, filed a Petition for Habeas

Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal

inmate housed at FCI Gilmer and is challenging the validity of his conviction from the

Western District of Michigan. The matter is currently pending before the undersigned for

a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below,

the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II.    BACKGROUND[1]

On August 18, 2017, Petitioner was charged in a one count Indictment as

follows: "being a person who had been convicted of one or more crimes punishable by

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. Swindle, 1:17-cr-00158-GJD.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

imprisonment for a term exceeding one year under the laws of the States of Michigan and Indiana, did knowing possess a firearm in and affecting commerce, namely, a loaded Ruger, model SP101, .38-caliber revolver, bearing Serial Number 573-06528" in violation of 18 U.S.C. § 922(g)(1), 921(a), and 18 U.S.C. § 924(a)(2). ECF No. 1. On October 10, 2017, a change of plea hearing was conducted by Magistrate Judge Kent, who entered a Report and Recommendation that Petitioner's guilty plea to the single—count indictment be accepted. ECF No. 19. On October 25, 2017, an Order was entered approving and adopting the Report and Recommendation and adjudicating Petitioner guilty. ECF No. 22. The sentencing hearing was conducted on March 15, 2018. ECF No. 30.  Judgment was entered on March 16, 2018  which committed Petitioner to the custody of the Federal Bureau of Prison to be imprisoned for a total term of 108 months[2] to be followed by a three year term of supervised released. ECF No. 31. Petitioner filed a *pro* se notice of appeal, which was dated December 28, 2018, and docketed in the district court on February 1, 2019. On April 2, 2019, the Sixth Circuit Court of Appeals dismissed the appeal as late, without prejudice to Petitioner's right to file a timely motion to vacate in the district court raising a claim of ineffective assistance of counsel. ECF No. 40. Petitioner did not file a motion to vacate pursuant to 28 U.S.C. § 2255. According to the BOP inmate locator, Petitioner's projected release date is May 18, 2026.

---

[2] The presentence report added four points to Petitioner's offense level because he possessed a firearm in connection with the felony offense of Resisting and Opposing a Police Officer. This enhancement was scored pursuant to U.S.S.G. § 2K2.21(B)(6)(b) and resulted in a total offense level of 25. With a criminal history score of VI, the guidelines were 110 to 137 months. However, the statutory authorized maximum was 120 months, and therefore, the guidelines were scored at 110 to 120 months  Without the enhancement, Petitioner's total offense level would be 21, with a criminal history of VI, for advisory guidelines of 77 to 96 months. Accordingly, Petitioner was sentenced below the guideline range with the 2K2.21(B)(6)(b) enhancement.

### III. <u>STANDARD OF REVIEW</u>

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. <u>See Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

### IV. <u>CLAIMS OF THE PETITION</u>

Petitioner requests that this Court vacate his conviction. In support of this

request, Petitioner relies on the recent decision in <u>Rehaif v. United States</u>, 139 S.Ct. 2191 (2019). More specifically, Petitioner argues that he is actually innocent of the gun offense because the Government did not prove, as required by <u>Raheif,</u> that he knowingly possessed a gun in violation of § 922(g).

## V.     <u>ANALYSIS</u>

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2000); <u>In re Vial</u>. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. <u>Id.</u> § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." <u>Id.</u>

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be

filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

Although Petitioner has raised the savings clause, he is not entitled to its

application. Even if Petitioner satisfied the first and third elements of <u>Jones</u>, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of <u>Jones</u>.

Although Petitioner argues that <u>Rehaif</u> invalidates his conviction, he misconstrues its impact on his conviction. In <u>Rehaif</u>, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The Petitioner in <u>Rehaif</u> was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the Petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. <u>Id.</u> at 2194. After the Government learned of the Petitioner's visit to a firing range, where he shot two firearms, the Petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the Petitioner's objection, that the "United States is not required to prove" that the Petitioner "knew he was illegally or unlawfully in the United States." <u>Id.</u> at 2194. The jury found the Petitioner guilty and he was sentenced to 18 months' imprisonment. <u>Id.</u> At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the Petitioner's status as an illegal alien. <u>Id.</u> at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm <u>and</u> that

he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

Rehaif does not apply to Petitioner's motion. The requirement of proof by the Government that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm was found in the context of a jury trial. In the instant case, Petitioner was charged with "knowingly" possessing a firearm  in and affecting commerce "having been convicted of one or more crimes punishable by imprisonment for a term exceeding one year." He pleaded guilty to this charge. Petitioner therefore admitted all the facts essential to sustain his conviction under Section 922(g)(1) when he agreed to plead guilty. United States v. Broce, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); see also United States v. Willis, 992 F.2d 489, 490 (4th Cir 1993) ("A knowing, voluntary, and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."

 Consequently, because Petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF**

**JURISDICTION**.

The Petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to  file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: December 2, 2019

*/s James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE