### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING

**DAMIAN LAMONT SWINDLE,**

        Petitioner,

v.

                            **CIVIL ACTION NO. 5:19-CV-300**
                            **(BAILEY)**

**R. HUDGINS, Warden,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of Magistrate Judge James P. Mazzone [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on December 2, 2019. In that filing, the magistrate judge recommended that this Court deny and dismiss without prejudice the petition [Doc. 1]. For the reasons that follow, this Court **ADOPTS** the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1). Petitioner timely filed his objections on December 17, 2019 [Doc. 15]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## Discussion

The petitioner does not challenge the following factual representation presented in the R&R:

On August 18, 2017, petitioner was charged in a one count Indictment as follows: "being a person who had been convicted of one or more crimes punishable by imprisonment for a term exceeding one year under the laws of the States of Michigan and Indiana, did knowing possess a firearm in and affecting commerce, namely, a loaded Ruger, model SP101, .38-caliber revolver, bearing Serial Number 573-06528" in violation of 18 U.S.C. § 922(g)(1), 921(a), and 18 U.S.C. § 924(a)(2). [Doc. 1].

On October 10, 2017, a change of plea hearing was conducted by Magistrate Judge Kent, who entered a Report and Recommendation that petitioner's guilty plea to the single— count indictment be accepted. [Doc. 19]. On October 25, 2017, an Order was entered approving and adopting

2

the Report and Recommendation and adjudicating Petitioner guilty. [Doc. 22]. The sentencing hearing was conducted on March 15, 2018. [Doc. 30]. Judgment was entered on March 16, 2018, which committed petitioner to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 108 months to be followed by a three year term of supervised released. [Doc. 31]. Petitioner filed a *pro se* notice of appeal, which was dated December 28, 2018, and docketed in the district court on February 1, 2019. On April 2, 2019, the Sixth Circuit Court of Appeals dismissed the appeal as late, without prejudice to petitioner's right to file a timely motion to vacate in the district court raising a claim of ineffective assistance of counsel. [Doc. 40]. Petitioner did not file a motion to vacate pursuant to 28 U.S.C. § 2255. According to the BOP inmate locator, petitioner's projected release date is May 18, 2026.

[Doc. 10 at 1-2].

The petitioner moves this Court to vacate his conviction based on the recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). He argues that he is actually innocent of the gun offense because the Government did not prove that he knowingly possessed a gun in violation of § 922(g).

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th

3

Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when:
> (1) at the time of the conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion, the substantive law changed
> such that the conduct of which the prisoner was convicted is deemed not to
> be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions
> of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. *See United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018)(reciting the three-prong test articulated in *Jones* and acknowledging that "[t]here is no doubt that *Jones* is still good law in this circuit.").

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

4

The petitioner simply fails to satisfy the *Jones* test [Doc. 18 at 13-22]. First, at the time of the conviction, the law establishing the legality of the conviction was settled. Therefore, he fails to meet the first prong of *Jones*.

The second prong of *Jones* requires the petitioner to show that "subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the [petitioner] was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 334. Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.

In *Rehaif*, the Supreme Court held that the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif* simply does not apply to petitioner's motion. The requirement of proof by the Government that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm was found in the context of a jury trial. In the instant case, petitioner was charged with "knowingly" possessing a firearm in and affecting commerce "having been convicted of one or more crimes punishable by imprisonment for a term exceeding one year." He pleaded guilty to this charge. Petitioner therefore admitted all the facts essential to sustain his conviction under Section 922(g)(1) when he agreed to plead guilty. *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *see also United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent plea to an offense conclusively establishes the

5

elements of the offense and the material facts necessary to support the conviction."); *see also* ***Steele v. Hudgins***, 2019 WL 5799976 (Nov. 7, 2019 Stamp, J.).

Consequently, because petitioner attacks the validity of his conviction and fails to establish that he meets the ***Jones*** requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. ***Rice***, 617 F.3d at 807.

In sum, to the extent that Swindle otherwise seeks to challenge his sentence, he has not established that § 2255 is an inadequate or ineffective remedy pursuant to ***In re Jones***, 226 F.3d 328, because the conduct that forms the basis of his convictions is still a criminal offense. And although the Fourth Circuit held that the savings clause may be utilized to challenge certain sentences in ***United States v. Wheeler***, 886 F.3d 415 (4th Cir. 2018), the decision does not change the outcome of this case. Swindle has not identified a substantive change in the law that entitles him to relief.

## CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 10]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the § 2241 petition **[Doc. 1]** is **DISMISSED WITHOUT PREJUDICE**. The petitioner's Objections **[Doc. 15]** are **OVERRULED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

6

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** January 29, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE